UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Regalo International, LLC, | Case No. __0:24-cv-00492__ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Lorne Jason Clute and Keezio Group, LLC, | |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Regalo International, LLC, ("Plaintiff" or "Regalo"), by and through its undersigned attorneys, and for its Complaint for Declaratory Judgment against defendants Keezio Group, LLC ("Keezio") and Lorne Jason Clute ("Clute") (collectively "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 seeking a declaration of, *inter alia*, noninfringement and invalidity with respect to U.S. Design Patent No. D852,543 (the "'543 Patent") under Title 35 of the United States Code and a declaration that Regalo has not violated of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), by reason of alleged statements made by it concerning Keezio or its products.

2. By this action, Regalo seeks to resolve an actual, immediate, substantial, and justiciable controversy between it and Defendants.

**PARTIES**

3. Regalo is a limited liability company organized and existing under the laws of Minnesota with a place of business at 3200 Corporate Center Dr., Suite 100, Burnsville, MN 55306.

4. On information and belief, Clute is a citizen of the State of California, having a residence at 2375 Roundhill Drive, Alamo, California.

5. On information and belief Clute is the managing and controlling member of Keezio. On further information and belief, Clute actually controls and directs all of the corporate activities of Keezio.

6. Clute is the named inventor of the '543 Patent which issued on July 2, 2019 and is entitled "INFLATABLE MATTRESS WITH BUMPER," and on information and belief, has been the owner of the entire right, title, and interest in the '543 Patent at all times, and only he has possessed the right to sue for and obtain equitable relief and damages for infringement of the claims of the '543 Patent at all times.

7. On information and belief, Keezio is a limited liability company organized and existing under the laws of the state of California, having a principal place of business at 2375 Roundhill Drive, Alamo, California.

8. On information and belief, Keezio is a company engaged in the business of the design, manufacture, marketing, distribution, and sale of children's products throughout the United States. On information and belief, Keezio regularly does or solicits such

2

business in the State of Minnesota and derives substantial revenues from such business in the State of Minnesota, including those allegedly related to the '543 Patent.

9. On information and belief, Defendants have regularly engaged in activities enforcing their patents and other intellectual property rights directed at Regalo who Defendants know to be in the State of Minnesota, including purposefully directing such enforcement activities at Regalo relating to the '543 Patent and Defendants' putative trademark and other equivalent rights. This Declaratory Judgment Complaint arises out of and relates to such activities.

10. Because this action arises under the Patent Laws of the United States and the Lanham Act, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The pendent state law claims are so related to the federal claims that they form part of the same case or controversy pursuant to Article III of the United States Constitution. The Court, therefore, has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

11. This Court has either specific or general personal jurisdiction over Defendants.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District and because Defendants are subject to personal jurisdiction in this District. Venue is also proper in this District under 28 U.S.C. § 1400(b), as Minnesota is the state in which Defendants have alleged that acts of patent infringement have occurred, and Regalo is incorporated in Minnesota and has a regular and established place of business in Minnesota.

## FACTS COMMON TO ALL COUNTS

13. For over thirty years, Regalo has been a leader in the juvenile products business.

14. During that time, Regalo has been extensively engaged in the business of manufacturing and marketing a wide variety of infant and toddler furniture products, including infant and toddler beds.

15. Regalo is one of the country's foremost leaders in the juvenile products industry and takes great pride in its efforts to develop products have unique designs and features.

16. Regalo invests substantial time, money, and effort in the development of its products.

17. To date, Regalo has over four hundred patents which cover many novel and unique aspects of its line of products.

18. With respect to all of its products, Regalo always prominently displays its name and trademark along with various other identifying names, trademarks and information.

19. As part of its on-going research and development efforts, Regalo created a portable toddler bed that Regalo marketed, beginning in late 2023, under the name "Regalo Inflatable Toddler Travel Bed With 4-Sided Bed Bumpers and Handles," (hereafter, "Original Bed").

20. Regalo has sold its Original Bed through various on-line retailers such as Amazon.

21. Regalo does not now, nor has it ever engaged in any kind of comparative advertising as a matter of corporate policy.

22. Regalo does not now, nor has it ever engaged in any in any comparative advertising or references to any third-party products in the advertising and promotion of its Original Bed.

23. On information and belief, Defendants market, distribute, and sell a line of products, most notably, their "hiccapop" line of children's products throughout the United States including their inflatable toddler travel bed with 4-sided safety bumpers known as the "hiccapop Inflatable Toddler Travel Bed" ("Toddler Travel Bed") which Defendants claim was first released on Amazon in or about 2017.

24. Although the product is not marked with any patent numbers, Defendants contend that the '543 Patent describes and is associated with their "hiccapop" Toddler Travel Bed. Based on the face of the '543 Patent, it was filed on March 28, 2019 and issued on July 2, 2019.

25. On information and belief, on or about January 8, 2024, Defendants submitted a "Report Infringement" form with Amazon alleging that Regalo's Original Bed being sold on Amazon infringed the claims of the '543 Patent.

26. Defendant Clute submitted this "Report Infringement" form to Amazon knowing that Regalo is located in Minnesota and that any harm suffered by the filing of that form with Amazon would be felt by Regalo in Minnesota.

27. The first time that Regalo learned that there was any issue with its Original Bed was when Regalo received notice from Amazon stating that it had removed the listing

for Regalo's Original Bed because Amazon received a report from a rights owner that the listing infringed its rights.

28. On or about January 8, 2024, upon learning that its listing had been taken down, Regalo contacted Amazon to inquire as to why the page had been taken down.

29. Upon inquiry, Regalo learned for the first time of the existence of the '543 Patent.

30. Although it was not required to do so, upon learning of the existence of the '543 Patent, Regalo immediately stopped selling its Original Bed.

31. On January 8, 2024, Regalo, through its CEO Mark Flannery ("Flannery"), emailed Clute, advising him that: Regalo had received notice of the complaint to Amazon; Regalo had begun developing the Original Bed product prior to the '543 Patent's issuance; Regalo had sold a minimal amount of the involved beds to date and with a similar amount in transit; and in an effort to amicably resolve Clute's perceived concerns, Regalo was willing to agree to cease selling the involved bed after disposing of said negligible amount of inventory.

32. Neither Clute nor Keezio responded to Flannery's email.

33. Instead, on January 17, 2024, Keezio initiated a civil action, entitled <u>Keezio Group, LLC v. Regalo International, LLC</u>, No. 3:24-cv-00284, in the United States District Court for Northern District of California, in which Keezio asserted claims for design patent infringement and violations of Section 43(a)(1)(A) of the Lanham Act, 15 US.C. § 1125(a)(1)(A) and California Business and Professions Code § 17200, against Regalo.

34. In its Complaint against Regalo, Keezio alleged that "[o]ne product in KEEZIO's hiccapop line is an inflatable toddler travel bed with safety bumpers [4-sided], known as the 'Hiccapop Inflatable Toddler Travel Bed' . . . which was designed and manufactured over a multiple-year process and successfully released on the Amazon platform in 2017, with hundreds of thousands of units sold to date."

35. In its Complaint, Keezio alleged that Defendants' hiccapop Inflatable Toddler Travel Bed embodies and is covered by the design shown and described in the '543 Patent.

36. On information and belief, neither Keezio, Clute, nor anyone else has in any way marked Keezio's hiccapop Inflatable Toddler Travel Bed with notice that it is covered by the '543 Patent.

37. In its Complaint against Regalo, Keezio alleged that Regalo's Original Inflatable Toddler Travel Bed directly and indirectly infringes the '543 Patent under 35 U.S.C. § 271.

38. Defendant Keezio filed its Complaint in California knowing that Regalo is located in Minnesota and that any harm suffered by the filing of the Complaint would be felt by Regalo in Minnesota.

39. In its Complaint against Regalo, Keezio alleged that Regalo has disseminated and/or caused others to disseminate "false and misleading statements concerning [Keezio] and its products, including [hiccapop Inflatable Toddler Travel Bed], that are likely to cause confusion, mistake, or deception of consumers as to the affiliation, connection, or association of [Regalo], or its products, including the [Original Bed], with [Keezio], or its

7

products, including the [hiccapop Inflatable Toddler Travel Bed]" in violation of both Section 43(a)(1)(A) of the Lanham Act, 15 US.C. § 1125(a)(1)(A) and California Business and Professions Code § 17200.

40. A substantial controversy, thus, exists of sufficient immediacy and reality between Regalo and Defendants to warrant the issuance of a declaratory judgment.

41. Based upon Defendants' conduct to date, Regalo has a reasonable apprehension of suit and continued litigation by Defendants against not only the Original Bed but also Regalo's other toddler bed products.

### COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '543 PATENT

42. Regalo realleges and incorporates the preceding paragraphs as if fully set forth in this paragraph.

43. Regalo's Original Bed has not and does not infringe, directly or indirectly, the claim of the '543 Patent for a number of reasons including, but not limited to, the facts that:

- The Original Bed has no handle, whereas the '543 Patent shows a handle in Figure 3; and

- The Original Bed bumpers are larger and less contoured than the bumpers shown in the '543 Patent.

44. Moreover, the Original Bed differs significantly from Defendants' product, which is purportedly covered by the '543 Patent:

8

- The Original Bed is a one-piece design, whereas Defendants' product is two pieces with a large, removeable mattress;

- The bottom of the Original Bed has no holes, whereas Defendants' product has four large holes on the bottom;

- The Original Bed is cream colored, whereas Defendants' product is blue.

45. After learning of the '543 patent, Regalo further changed the design of the Inflatable Toddler Travel Bed (the "Updated Bed").

46. Regalo's Updated Bed design has all of the above features which distinguish Regalo's product from the design of the '543 Patent and from the bed sold by Defendants. The Updated Bed also includes additional differentiating features:

- The Updated Bed has only two bumpers on the sides whereas the '543 Patent shows, and Defendants' bed has, four bumpers including at the head and foot; and,

- The two bumpers of the Updated Bed are a wave shape which differs from the shape shown in the '543 Patent and included in Defendants' bed.

47. In the eye of the ordinary observer, familiar with the prior art, giving such attention as a purchaser of the Original Bed and the Updated Bed, would usually give, the designs of the '543 Patent and the design of the Original Bed and the Updated Bed are not substantially the same.

48. In other words, an ordinary observer would not be deceived into believing that the design of the Original Bed and Updated Bed are the same as the design of the '543 Patent including, based upon the differences set forth above.

9

49. These and other features of the Original Bed and the Updated Bed, when considered separately or as a whole, are sufficiently distinct from the design of the '543 Patent, such that the two designs would not appear substantially the same to an ordinary observer.

50. A judicial declaration is necessary and appropriate so that Regalo may again sell the Original Bed and continue to sell the Updated Bed free from the reasonable fear of frivolous patent infringement claims.

51. Regalo is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that both the Original Bed and the Updated Bed do not infringe the '543 Patent.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF THE '543 PATENT

52. Regalo realleges and incorporates the preceding paragraphs as if fully set forth in this paragraph.

53. The '543 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 and/or obvious pursuant to 35 U.S.C. § 103 based on, at least, Keezio's public disclosure, use, sale and/or availability of the hiccapop Inflatable Toddler Travel Bed in 2017, more than one year prior to the March 28, 2019 filing date of the '543 Patent.

54. A judicial declaration is necessary and appropriate so that Regalo may continue to sell its Original Bed and Updated Bed products free from the reasonable fear of frivolous patent infringement claims.

55. Regalo is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the '543 Patent is invalid.

## COUNT III – DECLARATORY JUDGMENT OF
## <u>NO MONETARY RELIEF</u>

56. Regalo realleges and incorporates the preceding paragraphs as if fully set forth in this paragraph.

57. On information and belief, neither Clute nor its licensees have complied with the marking and notice requirements of 35 U.S.C. § 287 as it relates to the '543 Patent. Neither Defendants nor their licensees have marked any products that they sell that are covered by the '543 Patent, including the hiccapop Inflatable Toddler Travel Bed, with notice of the '543 Patent.

58. Defendants did not provide actual notice of the '543 Patent to Regalo until on or about January 17, 2024, at which point Regalo had already ceased making, selling or using its Original Bed product effective January 8, 2024.

59. As a result, Regalo is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Defendants are not entitled to any monetary relief as a result of any alleged infringement of the '543 Patent by the Original Bed product.

## COUNT IV – DECLARATORY JUDGMENT OF
## NO VIOLATION OF SECTION 43(a)(1)(A) OF THE LANHAM ACT
## <u>OR OTHER UNFAIR COMPETITION LAW</u>

60. Regalo realleges and incorporates the preceding paragraphs as if fully set forth in this paragraph.

61. Keezio has accused Regalo of violating Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and California Business and Professions Code section 17200 et seq., by disseminating and/or causing others to disseminate, in interstate

commerce, false and misleading statements concerning Keezio and its products that are likely to cause confusion, mistake, or deception of consumers as to the affiliation, connection, or association of Regalo or its products, with Keezio or its products. Keezio, however, has failed to identify and specify what the "false and misleading statements" were, how they caused a likelihood of confusion, or how Keezio has allegedly been harmed by these alleged statements.

62. In point of fact, Regalo has not disseminated or caused to disseminate in interstate commerce any statements of any kind about Keezio or its products, let alone any that has allegedly caused any likelihood of confusion as to the affiliation, connection, or association of Regalo with Kezio, or as to the origin, sponsorship, or approval of Regalo's products by Keezio.

63. A judicial declaration is necessary and appropriate so that Regalo may continue to engage in its business and commercial activities unencumbered by unsubstantiated, frivolous unfair competition claims by Defendants.

64. Accordingly, Regalo is entitled to a declaration that Regalo has not violated Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), California Business and Professions Code section 17200 et seq., or any other applicable unfair competition law based on alleged statements made by Regalo, whatever they may be, about Keezio or its products.

## PRAYERS FOR RELIEF

WHEREFORE, Regalo respectfully prays that judgment be entered on each count of its Declaratory Judgment Complaint as follows:

1.	For a declaration that Regalo has not infringed and does not infringe, directly or indirectly, the '543 Patent;

2.	For a declaration that the '543 Patent is invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103;

3.	For a declaration that if the '543 Patent is found valid and if Regalo is found to infringe the '543 Patent, then Defendants are not entitled to any monetary relief as a result of the same;

4.	For a declaration that Regalo has not violated Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), California Business and Professions Code section 17200 et seq., or any other applicable unfair competition law;

5.	For an award of Regalo's costs, expenses, and disbursements, including any reasonable attorney fees, that may be available under Title 35 of the United States Code, the Lanham Act and any and all other sources of law; and

6.	For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Regalo requests a trial by jury on all issues so triable.


Dated:  February 15, 2024

*/s/ Kelsey J. McElveen*
Kelsey J. McElveen (#0396744)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077
E-mail:  kjmcelveen@fredlaw.com

        Frederick A. Tecce (*pro hac vice* forthcoming)
        **Altima Advisors**
        One Liberty – 55th Floor
        Philadelphia, PA 19103
        Telephone:  215-268-7525
        E-mail:  fred.tecce@altimaadvistors.com

        ***Attorneys for Plaintiff***

14